BABIN<br>v.<br>NOLAN.

———————

## BEARD, Tutor, *v.* MORANCY et al.

Where the property in controversy in a petitory action, is proved to be in the possession of the wife of a person offered as a witness for the defendant and of a third person, who cultivate it together, and it is shown that the witness controls and ships the crops, he will be incompetent. *Per Curiam :* A husband cannot be a witness either for or against his wife. C. C. 2260.

A possessor in good faith, in case of eviction, is entitled to be paid for necessary improvements made even after judicial demand and judgment of eviction, such as clearings, levées, and ditches, without which the land could not have been so cultivated as to yield the rents and profits claimed by the plaintiff.

One holding under a judicial sale must be considered as a possessor in good faith until judicial demand, and as such accountable, in case of eviction, for the fruits from that day only.

One who removes, and converts to his own use, the materials of a house built on land from which he has been evicted, and for the value of which he was liable, will not be released from that liability, by proof that the ground on which the house was built has since been destroyed by the encroachments of a river.

The owner of a tract of land fronting on a river, cannot be made to contribute to the cost of a levée made at right angles to the river, on property of another proprietor, and which was necessary to bring it into cultivation, although the levee may benefit both tracts.

The husband of a married woman is bound with her, *in solido*, for her acts as a tutrix.

APPEAL from the District Court of Carroll, *Curry,* J. *McGuire,* for the appellant. *J. Dunlap,* for the defendants. *Thomas* and *Bemiss,* for *Minor,* cited in warranty. The judgment of the court was pronounced by

ROST, J. This case was originally a petitory action, in which the Supreme Court gave a final judgment in favor of the plaintiff for the land claimed, and

———————

BEARD
v.
MORANCY.

remanded the case for further proceedings as between *Morancy* and the plaintiff, in relation to the fruits and improvements, and as to all questions between *Morancy* and the warrantors. See 3 Robinson, 119. The court below gave judgment in favor of the defendant against *Wm. B. Minor*, on his warranty, for the sum of $2000, with five per cent interest thereon per annum from the 1st of January, 1842, until paid; this judgment to be credited with the sum of $506 67, with ten per cent interest thereon per annum, from the 7th of February, 1832, until paid. The court also gave judgment in favor of the defendant, *Lowry*, and against the plaintiff, for the balance due for the value of the improvements over that of the fruits, in the sum of $1559 30, and also in the further sum of $506 67, with ten per cent interest thereon, from the 7th of February, 1832, till paid, being, say the court, the amount to be refunded to *Wm. B. Minor*, as having been paid by him on the price of the land recovered by the plaintiff. From this judgment the plaintiff alone has appealed.

Our attention has first been called to two bills of exception, taken by the plaintiff during the trial below. The first was taken to the opinion of the court admitting *O. B. Cobb* as a witness, on the ground that he was interested in the event of the suit, and otherwise incompetent to prove the facts intended to be established by him. It is proved by the declaration of this and other witnesses, that the property in controversy is now in the joint possession of *Lowry* and the wife of this witness; that they cultivate it together, and that *Cobb* himself controls and ships the crops. The husband cannot be a witness either for or against his wife. Civil Code, 2260. The judge erred in admitting the testimony of this witness, and we will consider it as not in the record.

The other bill of exceptions was taken to the opinion of the court admitting testimony, relating to improvements made since the judgment of eviction. The question presented by this exception was fully examined in the case of *Pearce* v. *Frantum*, 16 La. p. 423. The court in that case came to the conclusion that, under the general principles of the civil law, and the enactments of the laws of Spain, the party evicted was entitled to be indemnified for the useful improvements by him made on the property during the whole time of his possession. This doctrine appears to have been acquiesced in ever since. Our impression is, that the rule has been laid down too broadly; but there can be no doubt that the party evicted is entitled to be paid for necessary improvements. The improvements in this case were clearings, levées and ditches, without which the land could not have been brought into cultivation, so as to yield the rents and profits which the plaintiff now claims. These were necessary improvements, and the judge did not err in admitting evidence in relation to them.

The defendants and their vendors, holding under a sale by the Court of Probates, must be considered as possessors in good faith up to the day of the judicial demand, and as such accountable for the fruits from that day only. But the court erred in considering that, from 1836 to 1840, there was not exceeding five acres of cleared land. The testimony establishes that, since 1836, there has been about the same quantity of cleared land upon the tract, that which caved into the river being annually replaced by new clearings. The plaintiff has claimed $200 a year for rent, and the lowest estimate of the witnesses entitles him to that sum, from the judicial demand to the delivery of possession.

It is also proved that the defendants removed from the land a dwelling house and other buildings, worth, as they stood, from $800 to $1000. The fact that the spot on which those buildings stood has since caved into the river, cannot

give to the defendants a title to the materials taken by them; and the same principle which entitles them to indemnity, for improvements made since the judicial demand, requires that they should pay the value of those materials, which, from the evidence, we take to have been $400.

In relation to the improvements, it is proved that 62 acres of land have been cleared and fenced by the defendants. The court below allowed them $25 an acre, making the sum of $1550.

The levée made at right angles to the river, two lots above the land in controversy, cannot be charged as an improvement upon it. It was necessary to protect and bring into full cultivation the lot on which it was made. Owners of land below it, although they may be benefitted by its erection, cannot be made to contribute to it, against their consent. The cost of making a ditch along that levée, and of clearing all the ditches afterwards, was also improperly allowed by the court below. On the trial, the witness, *Bemiss*, stated that he had heard and corroborated the testimony of *Cobb*, and that he was well acquainted with the premises, and with the levées and ditches made on the land in controversy. Taking the statements of *Cobb* as part of the evidence of *Bemiss*, it is shown that there are 62 rods of levée, and 287½ rods of ditching, properly chargeable as improvements. The levée is proved to be worth $5 per rod, and the ditches $1 per rod, making together the sum of $592 50.

Judgment was properly given in favor of the defendants for the note of $506 67, paid to the minors now represented by the plaintiff, by the purchasers at the probate sale. *James Beard*, their present tutor, was the husband of their mother when the proceeds of that note were received. He was bound, *in solido*, with her for the acts of the tutorship, and has acknowledged, since his appointment, that the amount of the note had been duly received. The court erred in allowing interest at the rate of ten per cent per annum upon it; the plaintiff is only entitled to legal interest. The principal, and interest from the judicial demand to the day of the rendition of this decree, will amount to $889 78, which added to $1550, for clearing, and $592 50 for improvements, will make the sum due the defendants $3032 28. Against this sum the plaintiff is entitled to compensate nine years' rent due on the 1st January last, at the rate of $200 a year, and $400 for the value of the materials removed from the land. This will leave in favor of the defendants a balance of $832 28, with legal interest from this date, subject to the payment of rent to the plaintiff from the 1st of January last, at the rate of $200 a year.

It is therefore ordered, that the judgment rendered in this case between the plaintiff and the defendants be reversed. It is further ordered, that the defendant, *Lowry*, recover of the plaintiff the sum of $832 28, with legal interest from this date, subject to a credit at the rate of $200 a year from the 1st January, 1847, till paid. It is further ordered that no writ of possession issue in favor of the plaintiff until this judgment is satisfied. It is further ordered that, if the balance due the said *Lowry* under this decree is not paid or tendered within 60 days from notice to the plaintiff, the defendant, *Lowry*, may issue his execution against the plaintiffs for the same. It is further ordered, that the plaintiff pay the costs of the court below; those of this appeal to be paid by the defendants.